BIXLER  for  the  use  of  A.  GOCLEY,  *against*  CURTIS REAM.

IN ERROR.

Where B gave a bond to A, conditioned to pay a hundred pounds on the 1st April 1810, in which C made the following endorsement: "10 April, 1817, I do hereby agree, that the within bond shall be paid in one year after the above date witness my hand the day and year above written," which was signed by C.  *Held,* that without proving a promise by A, to forbear to sue B, or shewing some other consideration; A could not recover from C on this agreement.

Writ of ERROR to the District Court of the city and county of *Lancaster.*

This action was brought to recover from *Curtis Ream* the amount of a bond given by his father *Henry Ream* to *Margaret Bixler,* conditioned to pay one hundred pounds on the first of April 1810, by reason of the following endorsement thereon: "10th April, 1817. I do hereby agree, that the within bond shall be paid in one year after the above date, witnesss my hand the day and year above written.                    CURTIS REAM.

The question which arose in the court above was, whether there was a sufficient consideration for the agreement of *Curtis Ream.*

*W. Hopkins,* for the plaintiff in error.

An agreement to forbear a suit is a good consideration, *Hamaker* v. *Eberly,* 2 *Binn.* 506, this agreement must be for a fixed or reasonable time. 1 *Penn. Rep.* 383.  11 *Serg. & Lowber,* 53. Without the endorsement, *Margaret Bixler* would have had the right to sue at the time it was made; with it, she could not sue until the expiration of one year.   This was an inconvenience to *Margaret Bixler,* and a benefit to *Henry Ream,* which amounts to a

good consideration. An inference necessarily must be drawn form the promise to pay, that time was given for the payment of the bond. 1 *Johnson's cases,* 322. 1 *John. Rep.* 580. 4. *John. Rep.* 42. *Boyd.* v. *Gordon,* 6. *Serg. & Rawle,* 53.

*Champneys* for the defendant in error,

Contended that there was nothing in the agreement of *Curtis Ream,* on the bond, to prevent the obligor suing *Henry Ream* before the expiration of the year. That a parol promise cannot be sustained without a consideration appearing either on the face of the agreement as from other testimony. He cited 4 *John. Rep.* 280. 8 *John. Rep.* 31. *Powel on contracts* 199, 213. *Whitall* v. *Morse,* 5 *Serg. & Rawle,* 358.

*J. Hopkins.* in reply.

The consideration of the agreement is apparent upon the face of it. The endorsement is conclusive evidence that the agreement was written with the consent of Mrs. *Bixler.* The advantage gained by the obligor was the forbearance to sue for one year and the inconvenience of the obligee was being prevented from the recovery of the amount during that time.

The opinion of the court was delivered by

Ross. J. —Several exceptions have been taken to the opinion of the judge of the district court. The principle one is, that he decided, "that the consideration of the bond cannot atone for the want of a consideration of the agreement to *Curtis Ream,* endorsed upon it. The defect is fatal; and the agreement therefore creates no duty on the defendant to pay the bond." And he further decided that the agreement on which plaintiff rests his claim, is a naked agreement in writing without alleging any consideration whatever, and is therefore insufficient and bad in point of law. In order to sustain the errors assigned, it has been contended, that the endorsement should be assimulated to a promissory note, and should be governed by the same principles and decisions, as are applicaple to those instruments. That the same reasons which exempt promissory notes from the rules governing parol promises and which require some consideration to render them valid, apply with equal force to the writing in question. It has also been further contended, that every note from the subscription of the drawer, carries with it an internal evidence of a good consideration; and that the bonds on which the endorsement in this case is made, is sufficient to presume a consideration of forbearance. These positions will be found not to be warranted by any of the decisions on this subject. A promissory note made according to the custom of merchants and negotiable at law, is placed on the same footing with foreign and inland bills of exchange, by the 3d and 4th of *Anne,* e. g: a negotiable promissory note is an express promise re-

(Bixler *v.* Ream.)

duced to writing to pay a person named in it, or to his order, or to the bearer, a certain sum of money at a certain time or on demand. And it if commonly expressed to be made for value received. These words though proper are not necessary. If it appeared, that there is no sufficient consideration for it in contemplation of law, it will be void, and considered as a gratuitous promise, or *nudum pactum,* as between the maker and the payee. 5 *Pick.* 391---17 *Johns. Rep.* 301. As soon as it is endorsed it resembles a bill of exchange. This writing or endorsement is not to pay a person named in it, or to the order of a person named in it, or to bearer a certain sum of money. It is therefore not a negotiable promissory note; and it never could resemble or assume the character of a bill of exchange, and consequently does not come within the provisions of the statute of *Anne.* Neither can it be construed differently from any ordinary agreement in writing not under seal. The reason which is given, in many of the cases, is not correct, that the subscription of the name of the drawer, of the note, renders it valid without any consideration. The true reason will be found in *Laussat's Foub.* 272, which is, "that the law does not give to promissory notes and to bills of exchange, the effect before stated in respect of the undertaking being evidenced by writing; but in order to strenghthen and facilitate that commercial intercourse, which is carried on through the medium of such securities. It is therefore evident, that the promise being in writing, does not obviate the necessity of a consideration. The general rule in reference to the necessity of a consideration to support a promise, is, that a consideration of some sort is requisite in order to support an agreement, though evidenced by writing; unless such writing be of the solemnity of a deed or bond; or unless, it be negotiable, or unless third persons have become interested with the knowledge, or approbation of the person binding himself, *Winthrop. et als.* v. *Survivors of Lane et al.* 3 *Dal.* 341. The endorsement in this case is neither a deed or a bond, neither is it negotiable, nor have third persons become interested with *Curtis Ream's* consent, knowledge or approbation. But on the contrary, *Margaret Bixler* at the time of the assignment of the bond told *Abraham Gockley,* that the defendant *Curtus Ream* was not bound by the agreement. A consideration is either express or implied. An express consideration is where it is distinctly declared in the contract. A consideration is implied where an act is done or forborne at the request of another, without an express stipulation, in which case the law presumes an adequate compensation for the act on forbearance to have been the inducement of the one party, and the undertaking of the other. *Foub.* 339, note. There is no express consideration declared in this endorsement.

(Bixler *v.* Ream.)

but it is contended, that it may be implied from the circumstance of the bond, upon which the endorsement is made, being under seal, and given for a valuable consideration.   And that this consideration of the bond, when connected with the endorsement, raises a presumption of a consideration having passed at the time of endorsing the agreement, especially as the promise is in writing and made by the son.   It has however been decided, that a written promise by a son, not under seal, to pay the debts of the father, is *nudum pactum* unless some direct consideration moved to him from the creditor, or the latter had bound himself to forbearance, or the like on the faith of the assumption.   *Parker* v. *Carter*, 4 *Mumford* 273.   See 2 *Henry Mumford* 124.   *Lauss. Foub.* 273.   So that the promiser being the son does not dispense with the requisite consideration.   In *Aldridge* v. *Turner*, 1 *Gill. & Johns.* 427, it has been decided that the endorsement of L. on the promissory note of E. payable to A. as follows, "I hereby guarrantee the ultimate payment of the within note" is void for want of consideration, and under the plea of *non assumpsit* to a declaration founded upon that guarrantee, the objection to the want of consideration, may be taken.

In the case under consideration, there was no agreement on the part of the plaintiff to forbear; and yet such an agreement must have been made in order to impart to it any colour of consideration, arising from forbearance.   There was no request made of the plaintiff by *Curtis Ream* to forbear; and therefore any forbearance to sue, was a mere gratuity, and was not binding on the plaintiff. There was no special request on the part of *Curtis Ream* to forbear, either laid in the statement, or proved on the trial; and therefore any forbearance of the plaintiff could not make a valid consideration.   For in all cases where a consideration is implied, from a request to do the act, which was done, it must be a special request.   If the plaintiff intended to rely on this, he should have proved it on the trial.   When an actual request is essential to the support of an action, a special request must be stated, and it must be shewn by, and to whom, the same was made, and the time and place of making it, in order that the court may judge whether the request was sufficient.   1 *Chitty Plead.* 324.   *Stra.* 89.   14 *East.* 300.   1 *Rep.* 459.   If the act of assembly of 1806, authorizing the filing of a statement, has dispensed with the necessity of setting out such request therein, it must nevertheless be proved on the trial, before the plaintiff can be entitled to recover on the ground of such a consideration.

The law is well settled that some spark of consideration must be shewn in order to support a claim founded upon a promise.   The smallest spark of benefit or accomodation is sufficient to create a

[Bixler *v.* Ream.]

valid consideration for a promise, but still that spark must be so alive as to be seen and discovered. *Austin* v. *M'Clure*, 4 *Dal.* 226. 4 *Johns. Rep.* 239. In this case however, there has not been even a spark of consideration shown. There have been no facts presented from which an implied consideration could be fairly inferred. The judgment of the court below must therefore be affirmed.

Judgment affirmed.